NUMBER 13-99-501-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JOSE D. ROZAS-VALLEGOS
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 184th District Court


of Harris County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 Appellant, Jose D. Rozas-Vallegos, entered an agreed plea of guilty
to the offense of unauthorized use of a motor vehicle(1) enhanced by prior
felony convictions.(2) The court sentenced appellant to ten years
imprisonment. The sentence did not exceed the State's
recommendation. Appellant filed a pro se notice of appeal. We dismiss
for want of jurisdiction.

 Appellant's court-appointed counsel has filed a brief in which he
concludes the appeal is frivolous and without merit. The brief meets
the requirements of Anders v. California, 386 U.S. 738, 744-45 (1967). 
Counsel referred this Court to error in the record that might arguably
support the appeal. See id. at 744. Further, counsel presented, for each
arguable point of error, a discussion of the correctness of the trial
court's rulings, why appellant was not harmed, and why the record
could not support arguments presented. See High v. State, 573 S.W.2d
807, 811, 813 (Tex. Crim. App. 1978). Counsel certified that he served
appellant with a copy of the brief. Further, counsel has advised this
Court that he has informed appellant in writing of his right to review the
record and of his right to file a pro se brief. More than thirty days have
passed since appellant was so advised, and he has not filed a pro se
brief.

 We first address jurisdictional issues raised by counsel. Rule
25.2(b)(3) of the Texas Rules of Appellate Procedure provides that
following an agreed plea of guilty, and where the punishment does not
exceed the punishment recommended by the prosecutor and agreed to
by the defendant, a notice of appeal must specify that (1) the appeal is
for a jurisdictional defect, (2) the substance of the appeal was raised by
written motion and ruled on before trial, or (3) state that the trial court
granted permission to appeal. See Tex. R. App. P. 25.2(b), (c). 

 Because appellant entered an agreed plea of guilty, and because
the punishment assessed did not exceed the punishment recommended
by the prosecutor, rule 25.2(b)(3) limits our jurisdiction over this appeal. 
While appellant sets out in his notice of appeal that he is claiming
numerous jurisdictional matters to be shown on a bill of exception, the
record contains no such bill and does not support an appeal of
jurisdictional defects. Additionally, by his notice appellant asserts only
that there were numerous motions that should have been filed, not that
his appeal is from an issue raised by written motion and ruled on before
trial. Finally, appellant's pro se notice of appeal states in a notation that
the "court does not give permission to appeal. Also, [appellant] waived
his right of appeal (see plea papers)."(3) As such, appellant's notice of
appeal confers no jurisdiction on this Court to hear this appeal.

 While this Court carefully reviewed the entire record and counsel's
brief and agrees that this appeal is wholly frivolous and without merit
and found nothing in the record which might arguably support this
appeal, we must dispose of this appeal on the basis of jurisdiction.

 Accordingly, we conclude this Court is without jurisdiction to
consider this appeal, and dismiss it for want of jurisdiction. We also
dismiss for want of jurisdiction counsel's motion to withdraw as
attorney of record, as well as all matters prayed for in the appellate
brief.(4)

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 27th day of July, 2000.

 

















1. See Tex. Pen. Code Ann. § 31.07 (Vernon 1994).
2. See Tex. Pen. Code Ann. § 12.42 (Vernon Supp. 2000).
3. The plea form utilized by the trial court and signed by appellant
specifically stated that appellant waived any right of appeal he may
have had should the court accept the plea bargain agreement between
appellant and the prosecutor.
4. Appellant prayed for the appeal to be abated to allow
transmission of the record to appellant; for this Court to order the
District Clerk to deliver a certified copy of the record to appellant; and
for us to allow appellant the opportunity to personally file a brief
addressing and/or raising any other points he deemed proper.